UNITED STATES *v.* PAUL J. PAULS

**No. 4596.**—Invoices dated Bois-Le-Duc, Holland, June 20, 1935, etc.
Certified June 21, 1935, etc.
Entered at New York July 8, 1935, etc.
Entry No. 702162, etc.

## Third Division, Appellate Term

(Decided June 12, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant.
*Daniel P. McDonald* for the appellee.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating

EVANS, Judge: These are applications for review of the decision of the single judge in reappraisement (Reap. Dec. 4315) and involve the dutiable value of certain bottle caps or capsules exported from Holland. Entry was made at the port of New York during the period from January 26, 1935, to October 24, 1935. The caps were entered at the invoice value, or in some cases, at an amended value claimed by the plaintiff to be the export value.

This case was tried at the same time and on the same evidence as was reappraisement 110709–A, etc., *Half Moon Manufacturing & Trading Co., Inc.* v. *United States*, reported in Reap. Dec. 4314. By its brief the Government calls attention to the fact that the same argument is maintained in this case that was submitted in the *Half Moon Trading Co.* case, *supra*.

A further point is made of the fact that the importer in this case is the exclusive purchaser of the merchandise for the exporter herein for the New England and Atlantic coast states, and that it does appear from the record that the exporter could sell to whom he likes in other states, but the brief states:

* * * it is rather peculiar to observe that no actual sales were made from July 1, 1934, to January 20, 1936, to any other United States customer at prices equivalent to those obtained by Paul J. Pauls.

The question to be decided is not whether this is a peculiar situation, but whether it is one that falls within the requirements of the statute with reference to a free offering, it being admitted that the exporter was at liberty to sell where he pleased, and it being established by the special agents' reports that offers were made to any who might want to buy for export to the United States. It is the duty of the court

to determine whether or not the instant sales came within the definition of export value as defined in section 402 (d) of the Tariff Act of 1930, and on that point we are satisfied that the trial court committed no error.

We therefore affirm the decision of the single judge, and hold that there was no foreign value for the merchandise in suit as defined by section 402 (c) of the Tariff Act of 1930; that there was an export value for the same, and that such value is represented by the entered values herein, which constitute the proper dutiable values of the merchandise.

Judgment will be rendered accordingly. It is so ordered.